IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLES HIGGINS, II, 1710764, ) | |
| Plaintiff, ) | |
| v. ) | No. 3:13-CV-2877-N |
| ) | |
| MICHELL PHILLIP ET AL., ) | |
| Defendants. ) | |

## FINDINGS CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

## BACKGROUND

Plaintiff is a state prisoner. He filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are Warden Michell Phillip, Warden Rolanda Winfield, LVN Good and Doctor Roy Reid.

Plaintiff states he sustained injuries when he fell in the shower at the Dawson State Jail. He states the shower drain did not work properly, which caused water to build up. He states the shower area had no safety equipment to remove the standing water, no wet floor sign and no rubber shower mat. Plaintiff also claims that LVN Good required him to walk to the doctor's office and did not provide him a wheelchair. He states Doctor Roy Reid negligently failed to x-ray his injury until three weeks after the incident and that Dr. Reid misdiagnosed his injury as a muscle strain. He seeks a declaratory judgment, injunctive relief and money damages.

**SCREENING**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*"* *Ashcroft v. Iqbal*, 556 U.S. 162, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

**DISCUSSION**

**1.    Wardens Michell Phillip and Rolanda Winfield**

Plaintiff states Wardens Michell Phillip and Rolanda Winfield acted with deliberate indifference to his health and safety by failing to correct the drain clog and failing to provide safety equipment in the shower area.

To be liable under § 1983, an individual must be personally involved in the acts causing the deprivation of a person's constitutional rights. *See Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). It is well settled that supervisory officials cannot be held vicariously liable for their subordinates' actions under § 1983. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-95 (1978); *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988); *Thibodeaux v. Arceneaux*, 768

F.2d 737, 739 (5th Cir.1985) (per curiam). Supervisory officials may be held liable only if they (I) affirmatively participate in acts that cause constitutional deprivation, or (ii) implement unconstitutional policies that causally result in plaintiff's injury. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987).

In this case, Plaintiff does not allege that these Defendants were personally aware of the drain problem prior to Plaintiff's falling. Nor has Plaintiff alleged an unconstitutional policy. Plaintiff has alleged at most a negligence claim. Negligent conduct does not rise to the level of a constitutional violation. *See Procunier v. Navarette*, 434 U.S. 555, 566 (1978). These claims should be dismissed.

**2.    LVN Good**

Plaintiff claims LVN Good violated his constitutional rights when she forced him to walk about ten feet to the doctor's office without providing him a wheelchair. (Pl's Exhibits.)[1]

Plaintiff's denial of medical care claim is governed by the "deliberate indifference" standard of the Eighth Amendment to the United States Constitution. U.S. CONST. amend. VIII; *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To establish a constitutional violation, Plaintiff must show that jail officials acted with deliberate indifference to his medical needs such as to cause the "unnecessary or wanton infliction of pain." *Id*. 429 U.S. at 106. This requires proof that defendants were subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).

---

[1]The exhibits Plaintiff attached to his complaint are not numbered.

In response to Plaintiff's grievance, Respondent found that nurses observed Plaintiff get out of bed and walk to the door without crutches or a wheelchair and that he was able to bear full weight on his leg. (Pl's Ex. at 2.) Plaintiff has failed to establish that Defendant Good was deliberately indifferent to his medical needs when she did not provide him a wheelchair.

**3.   Dr. Roy Reid**

Plaintiff claims Dr. Roy Reid violated his constitutional rights when Dr. Reid determined that Petitioner suffered a muscle strain and did not x-ray Plaintiff's injuries for three weeks. The exhibits Plaintiff attached to his complaint show that he was taken to the medical department on January 31, 2013, the day after his fall. Plaintiff was prescribed pain medicine and moved to a single cell. He was scheduled for two follow-up appointments on February 4 and February 11, 2013, but he did not attend either appointment. On February 19, 2013, Plaintiff was diagnosed with severe sciatica and was prescribed pain medication and crutches. On February 28, 2013, he was seen by the medical department for pain. On March 7, 2013, he was seen by the medical department and was referred for an x-ray. In March, 2013, Plaintiff received x-rays of his back and left knee and an MRI of his lumbar spine. The tests showed arthritis and Plaintiff was referred to physical therapy.

Plaintiff has failed to show that Defendant Dr. Reid was deliberately indifferent to his medical needs. At most, Plaintiff alleges a disagreement as to his medical care. A disagreement of opinion as to the correct medication and/or medical treatment does not constitute an actionable civil rights claim, but at most, a possible claim of medical malpractice appropriately addressed under state law. *E.g. Estelle*, 429 U.S. at 107-108; *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Plaintiff's claims should be dismissed.

**RECOMMENDATION**

The Court recommends that Plaintiff's complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Signed this 6th day of September, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).